```
                    FILED
              U.S. DISTRICT COURT
             EASTERN DISTRICT OF LA

              2006 DEC 28  AM 11:08

              LORETTA G. WHYTE
                    CLERK
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALONZO TATE | * | CIVIL ACTION |
| | * | NUMBER **06-11369** |
| VS. | * | SECTION **SECT. B MAG. 2** |
| RLI INSURANCE COMPANY, PASCHALL TRUCK LINES, INC. AND TIMOTHY MCDOLE | * | |

FILED:_____          _____
                                            DEPUTY CLERK

## COMPLAINT

Plaintiff invokes the jurisdiction of this Court as established under Title 28, Section 1332 of the United States Code.

The following named party is plaintiff herein, to-wit:

1. Alonzo Tate, a person full age and majority and domiciled in St. Charles Parish, State of Louisiana (hereinafter "Tate").

The above named plaintiff respectfully represents as follows, to-wit:

I.

The following named parties are made defendants herein, to-wit:

(a) RLI INSURANCE COMPANY, a foreign insurance company authorized to do and

doing business in the State of Louisiana (hereinafter "RLI");

(b) PASCHALL TRUCK LINES, INC., a foreign corporation, domiciled in the State of Kentucky, doing business in the State of Louisiana (hereinafter "Paschall") and;

(c) TIMOTHY MCDOLE, a person of full age of majority domiciled in Cutler, Ohio (hereinafter "McDole").

II.

The above named defendants are responsible and liable jointly, severally, solidarily and vicariously to plaintiff because of the following:

III.

This action results from a two vehicle collision occurring in Jefferson Parish, Louisiana on or about October 14, 2006.

IV.

Plaintiff, Alonzo Tate was the driver of a 2001 Saturn Ion proceeding Westbound on US 90B in the left lane. At the same time a 2004 Freightliner tractor trailer being driven by McDole was proceeding Westbound on US 90B in the right lane.

V.

Defendant, McDole, attempted to make a left turn from the right lane, crossing directly in front of Tate and thereby causing the Tate vehicle to strike defendant's vehicle.

VI.

Upon the impact and collision, Tate was thrown about in the car.

VII.

As a result of the above accident, plaintiff, Tate, suffered and continues to suffer multiple personal, psychological and emotional injuries of a past, present, and continuing nature.

VIII.

Plaintiff, Tate, has undergone medical treatment since the accident and will undergo further treatment. Plaintiff was and still is limited from his normal activities as a result of the accident. The injuries cause him pain and discomfort in his employment.

IX.

The sole and proximate cause of the injuries and damages sustained by plaintiff was the individual, joint, solidary, concurrent and/or successive negligence of McDole, which negligence includes but not limited to, to-wit:

(a) failure to maintain a proper look-out;

(b) failure to observe existing traffic conditions;

(c) failure to observe petitioner's vehicle in due time in order to avoid hitting same;

(d) failure to observe due caution;

(e) driving recklessly;

(f) failure to maintain control of his vehicle;

(g) inattentiveness while driving;

(h) improper left turn;

(i) failure to be attentive;

(j) improper lane change;

(k) changing lane without first making sure could do so safely;

(l) failing to exercise reasonable safety for himself and others traveling on US Highway 90B;

(m) failing to slow the 18-wheeler or otherwise maneuver the 18-wheeler so as to avoid a

collision with the vehicle being operated by Tate;

(n) violated other unspecified rules, regulations and statutes;

(o) other negligence which may be proven at trial of this matter.

IX. A

The defendant, Paschall is guilty of the following additional acts of negligence, gross negligence, and/or omissions which proximately caused or proximately contributed to the accident of October 14, 2006, described herein above and the injuries sustained by the plaintiff:

a) negligently and carelessly failed to properly select, train, and or supervise their drivers including, but not limited to defendant, McDole;

b) negligently and carelessly put or allowed to remain on the road an unqualified and/or reckless driver;

c) negligently and carelessly failed to screen and test their drivers periodically to monitor and evaluate their safety orientation;

d) negligently and carelessly failed to develop, promulgate, adopt, and/or implement safety policies, procedures and practices for their drivers;

e) negligently and carelessly permitted, allowed, and/or failed to stop their drivers from operating motor vehicles in violation of 49 C.F.R. §395.3;

f) negligently and carelessly permitted, allowed, and/or failed to stop their drivers, including defendant McDole, from violating the rules of 49 C.F.R. §390.35 and 395.8 regarding driver records and logs;

g) negligently and carelessly permitted and allowed their drivers including, but not limited to defendant, McDole, to operate motor vehicles when said drivers were experiencing sleep deprivation and/or cumulative fatigue;

h) negligently and carelessly failed to provide periodic systematic safety and/or defensive driving training for their drivers;

i) negligently and carelessly failed to provide remedial training of their drivers including, but not limited to, defendant McDole;

j) negligently entrusted their vehicle to the defendant, McDole;

k) any such other negligence or gross negligence and violations of rules, regulations, and statutes as may be shown at the trial of this matter.

X.

Tate itemizes the damages to which he is entitled as a result of the accident and injury proximately caused by the above described negligence of McDole and Paschall as follows, to-wit:

(a) Past physical pain, suffering and discomfort

(b) Past mental anguish, aggravation, and annoyance

(c) Disability

(d) Future physical pain, suffering and discomfort

(e) Future mental anguish, aggravation and annoyance

(f) Past medical expenses

(g) Future medical expenses

(h) Past lost wages

(i) Future lost wages

(j) Loss of enjoyment of life

(k) Loss of use/function of parts of body

(l) Bodily disability

(m) Impairment of psychological functioning

(n) Disability from working to earn an income

(o) Destruction of earning capacity

(p) Disability from engaging in recreation

XI.

Plaintiff strictly reserves the right to amend and supplement this complaint as necessary concerning damages.

XII.

RLI had issued a policy of public liability insurance insuring against the negligent operation of a motor vehicle on the date of accident in favor of Paschall and its employees including McDole, under which McDole is an omnibus insured. As the insurer of the defendant employer and employee driver, said insurer is jointly, severally, solidarily and vicariously liable and responsible for the damages and negligence set forth above.

XIII.

At the time of the accident McDole was acting in the course and scope of his employment with Paschall as a truck driver. As the employer of McDole, Paschall is jointly, severally, solidarily and vicariously liable and responsible for the acts of negligence and damages caused by its said employee during the course and scope of said employee's employment.

XIV.

RLI Insurance Company, Paschall Truck Lines, Inc. and Timothy McDole, are jointly, severally, solidarily and vicariously liable and responsible to plaintiff for the negligence and damages set forth above.

XV.

Plaintiff alleges the amount in controversy exceeds $75,000.00, the jurisdictional amount for diversity jurisdiction.

WHEREFORE, plaintiff prays that defendants be cited and served and that after due proceedings are had there be judgment in favor of plaintiff Alonzo Tate and against the defendants, RLI Insurance Company, Paschall Truck Lines, Inc. and Timothy McDole, jointly, severally, solidarily and vicariously for such sums as are reasonable in the premises together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

AND THAT ALL EXPERT WITNESS FEES BE TAXED AS COSTS OF COURT.

Respectfully submitted,

MICHAEL HINGLE & ASSOCIATES, LLC

_____
Michael Hingle, T.A. #6943
John Noble #15026
For the Firm
201 St..Charles Ave.
Suite 2521
New Orleans, LA 70170
(504) 568-1161
Facsimile (504) 599-5966

**PLEASE SERVE:**

RLI Insurance Company
through their agent for service of process
Louisiana Secretary of State
8549 United Plaza Blvd.
Baton Rouge, LA 70809

Paschall Truck Lines, Inc. *via Louisiana Long Arm*
through their agent for service of process
Randall A. Waller
RT. 4
Murray, KY 42071

Timothy McDole, *via Louisiana Long Arm*
325 Remely Road
Cutler, OH 45724

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALONZO TATE | * | CIVIL ACTION |
| | * | NUMBER |
| VS. | | |
| | * | SECTION |
| RLI INSURANCE COMPANY, PASCHALL TRUCK LINES, INC. AND TIMOTHY MCDOLE | * | |

FILED:_____    _____
                                  DEPUTY CLERK


**NOTICE OF ADDRESS ASSIGNMENT**


TO:   CLERK OF COURT:

YOU ARE HEREBY requested to send to us as Attorney of Record in the above captioned case, notice of any judgment, order, or minute entry of this Court rendered in this case

to the following address it is associated with.

    Michael Hingle & Associates, LLC
    201 St. Charles Avenue
    Suite 2521
    New Orleans, LA 70170

        Respectfully submitted,

        MICHAEL HINGLE & ASSOCIATES, LLC

        _____
        Michael Hingle, T.A. #6943
        ~~John~~ Noble #15026
        For the Firm
        201 St..Charles Ave.
        Suite 2521
        New Orleans, LA 70170
        (504) 568-1161
        Facsimile (504) 599-5966